**FILED**
**Mar 01, 2024**
**08:40 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **PATRICIA HOLLOWAY,** | ) | **Docket No.: 2022-08-1251** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HERBALIFE INTERNATIONAL,** | ) | |
| **INC.,** | ) | **State File No.: 51646-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRUMBULL INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on February 20, 2024, to determine Ms. Holloway's entitlement to medical benefits for her back and hip injuries. The Court holds that she is entitled to these benefits, and that Dr. Ashley Park will be her authorized treating physician. Additionally, the Court refers Herbalife to the Compliance Program for the reasons below.

### History of Claim

Ms. Holloway was first injured when a metal tray hit her above the right eye at work on August 9, 2020. She testified that Herbalife did not offer her a panel. Instead, it directed her to Baptist Hospital and then Nova Medical Centers. Nova referred Ms. Holloway to a neurologist, and Ms. Holloway chose Dr. Mohammad Assaf from a panel.

Eight months after the injury, Ms. Holloway experienced dizziness at work and fell to the floor, injuring her back. She testified that the medications prescribed by Dr. Assaf caused dizziness, and Herbalife agreed to treat this fall as part of her initial injury. Herbalife directed her to see Dr. Gregory Anderson at Nova and did not offer her a panel for her back injury. Dr. Anderson diagnosed a lower-back contusion, recommended she take over-the-counter medication as needed, and released her at maximum medical improvement.

1

After this, Ms. Holloway requested additional back treatment from her nurse case manager and the adjuster, but they did not authorize a return visit.

Ms. Holloway then sought treatment for her back on her own with Dr. Ashley Park. Dr. Park gave Ms. Holloway an injection and referred her to orthopedist Dr. Chad Campion. Dr. Campion recommended surgery, but Ms. Holloway testified that she declined it at that time because she exhausted her FMLA.

Dr. Park addressed causation for Ms. Holloway's back symptoms. He stated her back injury arose primarily out of her workplace accident and his treatment was reasonable and necessary for her injury.

Ms. Holloway stated that after two years of Herbalife not granting her requests for additional authorized treatment, they sent her back to Dr. Anderson in April of 2023. Ultimately, he made a neurosurgical referral for the back injury. The referral did not list a specific doctor, and Herbalife did not give her a panel for this referral.

Ms. Holloway testified that she specifically requested a panel from her nurse case manager. She introduced emails into evidence confirming this. Ms. Holloway stated her nurse case manager did not respond and instead made an appointment with neurosurgeon Dr. Fereidoon Parsioon. In one email, Ms. Holloway stated she would go to Dr. Parsioon because of her desperation to be treated and because she was "in so much pain."

After examination and review of her medical records, Dr. Parisoon noted that Ms. Holloway did not have any serious or surgical problems on her imaging. He further wrote that she had a reasonable degree of conservative treatment for myofascial and muscular back pain and did not need any additional treatment.

Additionally, Ms. Holloway testified that she suffered a hip injury during physical therapy offered by Dr. Anderson when she was moving a chair with her legs. She stated she experienced pain, numbness, and a muscle spasm in her left side.

At a separate session, a therapist made her do an exercise that made her hip worse. She informed her nurse case manager and Herbalife of her hip injury through emails that were introduced into evidence. She testified that Herbalife never offered treatment or a panel for her hip.

Ms. Holloway testified that although she told Dr. Parsioon about her hip, he never treated her for her hip pain, so she returned on her own to Dr. Park for hip treatment. Dr. Park ordered an MRI and did an epidural, which Ms. Holloway said did not help much. He currently recommends more injections.

Herbalife stated that it did not deny Ms. Holloway's back or hip injury. It argued that Dr. Anderson and Dr. Parsioon were her authorized treating physicians, they supplied the necessary treatment for her injuries, and then released her at maximum medical improvement. Herbalife also argued that emails show Dr. Anderson intended to directly refer Ms. Holloway to Dr. Parsioon, but no evidence of those emails exists in the record.

Ms. Holloway argued that due to Herbalife's failure to offer treatment and panels, Dr. Park should be declared her authorized treating physician.

## Findings of Fact and Conclusions of Law

Ms. Holloway has the burden of proving she is likely to prevail at trial in establishing that she is entitled to medical benefits for her back and hip injuries. Tenn. Code Ann. § 50-6-102(12) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-204(3)(A) requires employers to give a panel of physicians when the employee has suffered an injury and expressed a need for medical care.

Under Rule 0800-02-01-.06(4) (2018) of the Tennessee Compilation Rules and Regulations, an employer may direct an injured worker to an employer-sponsored medical provider. However, the Appeals Board held that this employer-directed provider does not replace a panel or relieve that employer of its obligation to provide a panel of physicians. *Hawes v. McLane Co.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Aug. 25, 2021).

Further, "[a]n employer who fails to provide a panel of physicians runs the risk of having to pay for unauthorized medical care in the event the trial court determines that a panel should have been provided." *Id.* (*citing Young v. Young. Elec. Co.*, TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

In *Young*, the employer learned of the employee's accident eight days after the incident at the latest but did not provide a panel until "several weeks" after the injury. *Young*, at *1. The employee selected a panel physician, but the employer denied the claim instead of scheduling an appointment with the physician. *Id.*

Additionally, the employee sought his own treatment before the employer offered this panel, and after the deadline for employers to either deny a claim or provide a panel. *Id.* at *18. The Appeals Board found that the employee "justifiably sought treatment on his own" and was entitled to continue treating with his own doctor as his authorized physician. *Id.* at *18-19.

Here, Herbalife only offered one panel in the three and a half years since Ms. Holloway's initial injury. Herbalife did not provide a panel either time it sent Ms. Holloway to Nova; it did not give a panel when Dr. Anderson made a general neurosurgical referral; and it did not provide a panel after Ms. Holloway injured her hip and informed Herbalife of that injury.

Ms. Holloway repeatedly asked Herbalife for additional treatment and sent multiple emails to her nurse case manager requesting a panel for her neurosurgical referral. At the hearing, Ms. Holloway asked that she be allowed to continue treating with Dr. Park as her authorized physician.

The Court finds that, as in *Young*, Ms. Holloway justifiably sought treatment on her own with Dr. Park for both her back and hip injuries. The Court also finds that Herbalife's repeated failure to panel Ms. Holloway entitles her to treat with Dr. Park. The Court thus designates Dr. Park as Ms. Holloway's authorized treating physician for her back and hip injuries going forward.

*Penalty Referral*

Section 50-6-118(9) authorizes penalties for an employer's failure to timely offer a panel of physicians. Tennessee Compilation Rules and Regulations 0800-02-01-.06(1) states that after "receipt of notice of a workplace injury and the employee expressing a need for medical care, an employer shall, as soon as practicable but no later than three (3) business days after receipt of such request, provide the employee a panel of physicians[.]"

Subsection (2) of the rule states, "In the absence of evidence establishing a defense, where the employer fails to provide an appropriate initial panel of physicians to the employee within three (3) business days from the date the employer has notice of a work-related injury and the employee expressed a need for medical care, . . . the employer may be assessed a civil penalty[.]" *Id.*

Here, Herbalife did not provide a panel before sending Ms. Holloway to Nova after her visit to Baptist Hospital. When Ms. Holloway fell eight months later, Herbalife did not provide a panel and directed Ms. Holloway to Dr. Anderson. Dr. Anderson, in his later treatment of Ms. Holloway, referred her to a neurosurgeon and did not list a doctor on this referral. Herbalife did not provide a panel for this referral, and instead directed her to Dr. Parsioon. And finally, after Ms. Holloway injured her hip in physical therapy, Herbalife did not offer a panel.

Of note, Herbalife failed at four different points throughout the case to provide a panel for Ms. Holloway, though it did not deny her back or hip injuries. The Court therefore refers Herbalife to the Compliance Program for potential assessment of penalties under 50-6-118(9).

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Holloway's request for Dr. Park to be her authorized treating physician for her back and hip injuries is granted.

2. Herbalife is referred for penalties for violations of Tennessee Code Annotated section 50-6-118(9).

3. The Court sets a status conference for **May 6, 2024, 1:30 p.m. Central Time.** The parties must call (866) 943-0014. Failure to call might result in a determination of the issues without the party's participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED March 1, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Dr. Parsioon's Medical Records
2. Dr. Anderson's Medical Records

3. Dr. Park's and Dr. Campion's Medical Records
4. First Report of Injury
5. Notice of Denial for Dr. Parks's Treatment
6. Emails relating to Ms. Holloway's hip injury in physical therapy
7. Emails relating to Ms. Holloway's back claim being treated under her initial head injury claim
8. Emails relating to Ms. Holloway's requests for a neurosurgery panel
9. Audio Recordings relating to Ms. Holloway's physical therapy

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice with email to mediator
3. Hearing Request, along with Affidavit of Patricia Holloway
4. Order on Pre-trial Conference filed February 15, 2024
5. Employee's Revised Exhibit List filed January 29, 2024
6. Employee's Exhibit List filed September 19, 2024
7. Employer's Prehearing Brief
8. Employer's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 1, 2024.

| Name | Email | Service sent to: |
|---|---|---|
| Rhoberta Orsland, Employee's Attorney | X | rorsland@forthepeople.com lwaite@forthepeople.com |
| John Barringer, Employer's Attorney | X | jbarringer@manierherod.com hsantilli@manierherod.com |
| Bureau of Workers' Compensation Compliance Program | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____   ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*